<div style="text-align: right; font-style: italic;">Foster, et a.<br/>v.<br/>Hadduck,</div>

---

## A Miner *versus* W. Smith.

In a suit brought by J. E., the writ was endorsed, " J. E., by his attorney, W. S."—it was held that W. S. was not liable as endorser.

This was a *scire facias* against the defendant as endorser of an original writ.

The cause was submitted to the decision of the court upon the following facts. Jonathan Eaton, of Hanover, sued out a writ against A. Miner, the plaintiff in this case, upon the back of which, near the bottom, W. Smith, the defendant, put an endorsement as follows :—" Jonathan Eaton, by his attorney, W. Smith." At November term of the superior court in this county, 1831, Miner recovered judgment in that suit against Eaton, for $39 27 costs of suit. Execution was duly issued on the judgment, and returned at May term, 1832, with a return of *non est inventus*, and in no part satisfied.

Eaton, before judgment was recovered against him, as aforesaid, removed out of the state.

*Bell*, for the plaintiff.

Richardson, C. J. delivered the opinion of the court.

The circumstance, that Eaton removed from the state after the commencement of his action, and before judgment was rendered against him, is wholly immaterial in this case. A plaintiff, who is an inhabitant of this state

Miner
v.
Smith.

when the suit is commenced, is a competent endorser of his own writ.

We have always held, in this state, that an attorney, having authority to commence an action in the name of any individual, is authorized to place the name of that individual upon the writ as endorser. And when the endorsement is made, in the mode adopted in this case, it is always considered as the endorsement of the plaintiff, and not of the attorney. A writ endorsed like this, in a case where the plaintiff lives out of the state, and where the statute requires a responsible person, who is an inhabitant of the state, is considered as having no such endorser as the statute requires.

*Judgment for the defendant.*